UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KYLE RUDNICKI, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>N.S. GILES FOUNDATIONS, INC. )<br>)<br>_____ ) | **COMPLAINT**<br><br>Civ. No.: |

Plaintiff Kyle Rudnicki ("Plaintiff" or "Mr. Rudnicki"), by and through undersigned counsel, and as and for their Complaint against Defendant N.S. Giles Foundations, Inc. ("referred to collectively as "Defendants"), hereby aver as follows:

## Introduction

1. Plaintiff brings this action for the non-payment of overtime wages by Defendant for the entirety of his tenure with Defendant.

2. Despite Plaintiff raising multiple concerns that he was being denied overtime unlawfully, Defendant refused to pay Plaintiff the overtime that he was due.

3. As a result, Plaintiff has suffered damages under the federal law.

## Parties and Jurisdiction

4. Plaintiff Kyle Rudnicki is an individual residing at 36 Western Avenue, Hampden, Maine 04444.

5. Defendant N.S. Giles Foundations, Inc. is headquartered at 82 Nadine's Way, Bangor, Maine 04401.

6. Plaintiff brings his claims under the Federal Labor Standards Act, 29 U.S.C. §§201-219.

1

7.      The transactions and occurrences in this complaint occurred, in their totality, in Bangor, Maine.

**Facts**

8.      On or around June 3, 2022, Mr. Rudnicki was hired by Defendant as a concrete boom pump operator.

9.      At all relevant times, Mr. Rudnicki was paid a salary of approximately $93,500 per year.

10.     At all relevant times, Mr. Rudnicki did not manage any employees.

11.     Mr. Rudnicki's primary duties while working for Defendant were to drive a truck with a mounted pump to deliver and place concrete on job sites.

12.     Mr. Rudnicki gained the skills necessary to perform this job through apprenticeships, on-the-job training and supplemental training paid for by the Defendant.

13.     Mr. Rudnicki's duties exclusively involved repetitive operations with his hands, physical skill and energy.

14.     Section 29 U.S.C. 213(a)(1) of the Federal Labor Standards Act ("FLSA") defines the exemptions from overtime under the administrative, executive and bona fide professional exemptions.

15.     However, CFR § 541.3 specifically states that "section 13(a)(1) exemptions and the regulations in this part do not apply to manual laborers or other "blue collar" workers who perform work involving repetitive operations with their hands, physical skill and energy."

16.     This section further states that these blue-collar works are entitled to overtime premium pay, "no matter how highly paid they might be."

17. On or around August 20, 2025, Mr. Rudnicki raised concerns related to this issue, asking if he was "exempt or non exempt" from overtime to Defendant's Human Resources Director Joanne McIntyre ("McIntyre").

18. McIntyre dismissed Mr. Rudnicki's concerns, and referenced that another employee had raised issues relating to overtime pay before and been denied, even though the example referenced did not mirror Mr. Rudnicki's concerns.

19. McIntyre further stated that, "Salaried by definition means that you are exempt from overtime."

20. In this correspondence, it was clear that McIntyre was telling Mr. Rudnicki to drop his concerns or face the consequences of his actions, assumedly adverse action.

21. Not having his question answered by McIntyre, Mr. Rudnicki continued to raise concerns to McIntyre and Defendant's Vice President Janette Giles ("Giles") regarding his exemption from overtime, despite the non-exemption of blue collar workers from FLSA exemptions.

22. Mr. Rudnicki's concerns were met with hostility when raised, and his concerns were generally ignored when raised, only being addressed with anecdotes relating to past employees who had been unsuccessful in challenging their overtime payments or wages with Defendant.

23. Fearing further hostility and possible adverse action from the Defendant due to his raising of protected concerns regarding overtime pay, Mr. Rudnicki resigned from his position as of September 5, 2025.

24. Upon his resignation, Mr. Rudnicki was not compensated for over three years of overtime pay that was due him under the non-applicability of the Section 13(a)(1) of the FLSA to Mr. Rudnicki's duties and position.

25. Further, Mr. Rudnicki's concerns were never addressed, most likely because he was clearly entitled to overtime under FLSA regulations and Defendant feared liability if they were to directly address Mr. Rudnicki's concerns.

26. Mr. Rudnicki had previously filed his complaint with the Maine Department of Labor ("ME DOL").

27. The ME DOL has released Mr. Rudnicki's claim and given him the right to sue.

## COUNT I: 29 U.S.C. § 213(a)(1): Non-Payment of Overtime Wages

28. Plaintiff incorporates and restates the allegations contained in paragraphs 1 through 27 as if fully stated herein.

29. Plaintiff, in his position as concrete boom operator, did not manage any employees.

30. Mr. Rudnicki's primary job duties while working for Defendant were to drive a truck with a mounted pump to deliver and place concrete on job sites.

31. Mr. Rudnicki gained the skills necessary to perform this job through apprenticeships, on-the-job training and supplemental training paid for by the Defendant.

32. Mr. Rudnicki's duties exclusively involved repetitive operations with his hands, physical skill and energy.

33. Per CFR § 541.3, "section 13(a)(1) exemptions and the regulations in this part do not apply to manual laborers or other "blue collar" workers who perform work involving repetitive operations with their hands, physical skill and energy."

34. Mr. Rudnicki's position clearly fits into this exception to the Section 13(a)(1) exemptions.

35. Mr. Rudnicki worked an average of 60 hours per week for Defendant, encompassing 20 hours of overtime weekly.

36. Mr. Rudnicki worked for the Defendant for a total of 108 weeks.

37. Mr. Rudnicki's hourly rate was $44.95 hourly based on his salary.

38. Had Defendant paid Mr. Rudnicki as required under law, Mr. Rudnicki would be owed $1,348.5 weekly ($67.42 overtime rate for 20 hours of overtime weekly).

39. Due to Defendant's non-payment of overtime, Mr. Rudnicki is due approximately $145,638.00 in overtime pay from the years that he worked for Defendant.

40. Further, under 29 U.S.C. §216(b), Mr. Rudnicki would be eligible for liquidated damages, making Defendant's potential liability to Mr. Rudnicki in the amount of $291,276.

41. As such, Mr. Rudnicki seeks his unpaid overtime compensation, liquidated damages, interest, costs and attorney's fees.

WHEREFORE, Plaintiff Kyle Rudnicki respectfully requests that the Court (i) grant judgment in their favor; (ii) award damages, including compensatory damages for his unpaid overtime; (iii) award Plaintiff liquidated damages under the FLSA, (iv) award Plaintiff pre-judgment and post-judgment interest as allowed by law, (v) award Plaintiff his costs incurred in this action, (vi) award reasonable attorneys' fees, and (vii) grant such further relief as the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

DATED:  November 20, 2025

          /s/ Trevor R. Brice, Esq.
         Trevor Brice, Esq. – Bar No. 6489
         Attorney for Plaintiff Kyle M. Rudnicki

         SKELTON TAINTOR & ABBOTT
         500 Canal Street
         Lewiston, Maine 04240
         (207)784-3200
         tbrice@sta-law.com